FILED
SUPERIOR COURT
OF GUAM

2022 AUG 18 AM 9: 17

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| FRANKLIN J. GUTIERREZ, Individually and as Co-Administrator of THE ESTATES OF JOSE T. AND FLORENCE S. GUTIERREZ,<br><br>Plaintiff,<br><br>vs.<br><br>JOE & FLO'S, INC.,<br><br>Defendant. | CIVIL CASE NO. CV1029-17<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on April 26, 2022, for hearing on Plaintiff Franklin J. Gutierrez, Individually and as Co-Administrator of the Estates of Jose T. and Florence S. Gutierrez's ("Plaintiff") Motion for Summary Judgment. Attorney Bill Mann was present on behalf of Plaintiff and Attorney Vincent Leon Guerrero was present on behalf of Defendant Joe & Flo's, Inc. ("Defendant"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

This matter stems from a finding by the Probate Court in PR0024-10 that it does not have jurisdiction over Joe & Flo's, Inc. corporate shares. *See generally,* Compl., Oct. 2, 2017. Plaintiff seeks "a judgment declaring that the Estates of Jose T. and Florence S. Gutierrez are the owner of a twenty-four percent stock interest in the Corporation, and an order directing the

Corporation to provide a stock certificate representing a twenty-four percent stock interest to the Estates, or alternatively to the Plaintiff individually." *Id.* at ¶ 12.

On February 8, 2022, Plaintiff filed the instant Motion for Summary Judgment along with declarations from Bill R. Mann and Franklin J. Gutierrez.

On March 15, 2022, Defendant filed its Opposition, along with declarations from Mark Sablan and Harry Gutierrez.

On March 22, 2022, Plaintiff filed his Reply.

On March 31, 2022, Defendant filed declarations from Joseph Gutierrez, Florence G. Elliot, and Roland Gutierrez.

On April 26, 2022, the Court heard oral arguments from the parties. The Court then gave the parties leave to file supplemental briefing in response to the arguments.

On May 10, 2022, both Plaintiff and Defendant filed supplemental briefs. On May 17, 2022, Plaintiff also filed a Reply to Defendant's Supplemental Filing.

The Court subsequently placed the matter under advisement.

## DISCUSSION

Plaintiff moves the Court to grant summary judgment in his favor as there are no material issues of fact. *See generally*, Mot. Summary Judgment, Feb. 8, 2022. Defendant opposes, arguing that Plaintiff lacks standing to sue in his personally capacity, that Plaintiff as co-administrator of the probate estates lacks authority to pursue the instant action, and that there remain questions of material fact at issue. *See generally*, Opp'n, Mar. 15, 2022.

As an initial matter, the Court notes that on September 19, 2017, the Probate Court indicated that "[t]he Court will grant Gutierrez leave to file any necessary suit with the Superior Court of Guam over the Company and the Decedents' agreement over the shares." (Dec. & Order at 5 in PR0024-10, Sep. 19, 2017). The Court finds that the Probate Court gave Plaintiff authority to pursue the instant action, which was subsequently commenced on October 2, 2017.

### A. Undisputed Facts

The Court's review of the record indicates the following undisputed facts:

1.  On January 29, 1973, Jose and Florence Gutierrez's six children formed Joe & Flo's, Inc., a Guam corporation. The six children also comprised the Board of Directors.

2.  The number of authorized shares of the capital stock of the corporation is $50,000.00 divided into 5,000 shares of common stock of the par value of $10.00 per share.

3.  1,000 shares of the common stock were subscribed by the siblings. Four of the siblings (Joseph, Roland, Harry, and Franklin) paid $425.00 each for 170 share subscriptions. Two siblings (Maryanne and Florence) paid $400.00 each for 160 share subscriptions.

4.  On June 9, 1973, the Board of Directors held a meeting to authorize the sale of certain shares of stock to Jose and Florence Gutierrez.

5.  At the meeting it was resolved that the corporation would sell certain shares of stock to Jose and Florence Gutierrez as consideration for the conveyance of real property to the corporation.

6.  The minutes of the special meeting stated that:

    > The total shares of stock to be issued to JOSE GUTIERREZ and FLORENCE GUTIEREZ shall be 78 ¾ shares, at par value of Ten ($10.00) Dollars per share. It is the intent of the Directors of this corporation that JOSE GUTIEREZ and FLORENCE GUTIERREZ shall have a 24% interest in the corporation. It is further the intent of the Directors of the corporation that JOSE GUTIERREZ and FLORENCE GUTIERREZ shall have equal rights to purchase additional shares of the corporation so that their percentage interest may be retained at 24%.

    (Decl. of Franklin Gutierrez, Ex. B, Feb. 8, 2022; Decl. of Harry Gutierrez, Ex. B, Mar. 17, 2022).

7.  The real property was deeded to the corporation. The Deed of Gift, executed June 9, 1973, states that "the Grantors, in consideration of the conveyance to them of 78 ¾ shares of stock in the corporation, Jo & Flo's, Inc., a family corporation, and in further consideration of the love and affection they have for their children, the other stockholders of the said family corporation, do hereby GRANT, BARGAIN, SELL

and CONVEY to the Grantee, forever, those pieces or parcels of land, described as follows . . ." (Decl. of Harry Gutierrez, Ex. A, Mar. 17, 2022).

8. Joe & Flo's never issued physical stock certificates to Jose and Florence Gutierrez. The corporation has not issued physical stock certificates to any of its shareholders.

9. As of March 26, 1985, Jose and Florence Gutierrez maintained their stock interest in Joe & Flo's, as indicated in the text of their Holographic Will. (Dec. & Order at 4 in PR0024-10, Apr. 9, 2014).

10. Jose T. Gutierrez passed away on January 22, 1999.

11. Florence S. Gutierrez passed away on February 17, 2010.

12. Franklin J. Gutierrez and Mark J. Sablan are co-administrators of the Estates of Jose and Florence Gutierrez.

13. No final decree of distribution has been issued yet in PR0024-10.

## B. Summary Judgment Standard

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. Rule 56(c). A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Izuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7. The factual dispute must concern a material fact. *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "[T]he Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. "When a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Guam R. Civ. P. Rule 56(e).

## C. Corporate Shares

For summary judgment to be proper, Plaintiff must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Plaintiff seeks "a judgment declaring that the Estates of Jose T. and Florence S. Gutierrez are the owner of a twenty-four percent stock interest in the Corporation, and an order directing the Corporation to provide a stock certificate representing a twenty-four percent stock interest to the Estates, or alternatively to the Plaintiff individually." (Compl. at ¶ 12).

Plaintiff asserts that his "parents never waived their stock interest in Joe & Flo's, Inc." (Decl. of Franklin J. Gutierrez ¶ 10, Feb. 8, 2022). Harry Gutierrez, Florence Gutierrez Elliot, Roland T. Gutierrez, and Joseph F. Gutierrez each assert that "[a]round the time Jose and Florence Gutierrez conveyed property to Joe & Flo's Inc., my parents expressed they did not want additional shares in the corporation; as a result no additional shares were given to Jose or Florence Gutierrez." *See* Decl. of Harry Gutierrez ¶ 3, Mar. 17, 2022; Decl. of Florence Gutierrez Elliot, Mar. 31, 2022; Decl. of Roland T. Gutierrez, Mar. 31, 2022; Joseph F. Gutierrez, Mar. 31, 2022). Mark Sablan also sets forth that "[a] review of the corporate history reveals that Joe & Flo's, Inc. never issued additional shares to either Jose or Florence Gutierrez and it is my belief that Jose and Florence Gutierrez waived any additional shares as a result of the transfer of the Ylig property." (Decl. of Mark Sablan ¶ 2, Mar. 17, 2022). Upon review, the Court finds that there are still material facts at issue. It is not clear to the Court whether there is a dispute as to whether Jose and Florence Gutierrez waived their stock interest in Joe & Flo's Inc. completely and therefore own no stock in the corporation, or whether there is a dispute as to whether the stockholding has changed based on the purchase of any additional shares either by Jose and Florence Gutierrez or any of their children. As the Court does not have all the facts it needs before it to determine such disputes, the Court finds summary judgment improper at this time, and therefore denies the Motion.

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED** this ___18th___ day of August, 2022.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Berman Law Firm
V. Leon Guerrero
Date: 8/18/22 Time: 9:24 am

Deputy Clerk, Superior Court of Guam

*Gutierrez v. Joe & Flo's, Inc.*
Case No. CV1029-17
Decision and Order